IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EARL FORRESTER                                                                                         PLAINTIFF

v.                                          Case No. 4:16-CV-4101

LAFAYETTE COUNTY, ARKANSAS                                                            DEFENDANT

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff Earl Forrester ("Plaintiff") and Defendant Lafayette County, Arkansas, ("Defendant") hereby agree and stipulate as follows:

1. This Stipulated Confidentiality and Protective Order shall apply to any and all documents produced by Plaintiff or Defendant and marked as "Confidential" (the "Confidential Documents").

2. Plaintiff and Defendant hereby stipulate and agree that the Confidential Documents are confidential unless challenged as provided in paragraph 5 below, and that they shall only be disclosed by the attorneys for Plaintiff and Defendant to the following individuals to the extent the attorneys reasonably deem disclosure necessary for proper litigation:

     a.   The Court, its employees, court reporters and the jury;

     b.   Plaintiff or Defendant;

     c.   Counsel for Plaintiff or Defendant, as well as their paralegals and clerical staff;

     d.   Outside experts or consultants retained by counsel for Plaintiff or Defendant; and

     e.   Non-party witnesses in the course of depositions or interviews or preparation for same.

3. Any person referenced in Paragraphs (a) through (e) who is either shown all or part of a Confidential Document (either directly or indirectly—*e.g.*, by being shown a deposition transcript or a

motion to which the Confidential Document has been attached), or who is told about information contained in a Confidential Document, must be told by the attorney at the same time that the Court has ordered that the Confidential Document (or information, if applicable) is confidential, and that the person is not to show the Confidential Document nor convey any information contained in the Confidential Document to anyone else.

4. Any testimony given at trial or during a deposition concerning a Confidential Document or the contents thereof shall likewise be considered a Confidential Document for the purposes of this Order.

5. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Confidential Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Confidential Documents and are entitled to confidential treatment as described hereinabove.

At any time after the delivery of Confidential Documents, counsel for the party or parties receiving the Confidential Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Confidential Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Confidential Documents shall certify to the court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Confidential Documents. Thereafter, the party or parties disclosing or producing the Confidential Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Confidential Documents in dispute. The party or parties producing the Confidential Documents shall have the burden of establishing that the disputed Confidential Documents are entitled to confidential treatment. If the party or parties producing the Confidential

Documents do not timely file a motion for protective order, then the Confidential Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Confidential Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document is entitled to confidential treatment.

6. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

7. Counsel for Plaintiff and Defendant must maintain the Confidential Documents in their possession unless they, or some of them, are being shown to someone else in a manner consistent with this Order. Within ten days after the final disposition of this case (either through judgment, order of dismissal, denial of post-trial motion, or affirmation of judgment or order of dismissal), the attorneys for Plaintiff and Defendant must return the Confidential Documents to the producing party, except that counsel only may keep one copy set of any Confidential Documents used as exhibits or evidence at any hearing or deposition in this action, and such copy set will continue to be governed by this Stipulated Confidentiality and Protective Order.

8. Neither Plaintiff nor Defendant shall use, copy, or retain the Confidential Documents for any purpose, business or otherwise, other than as set forth in this Stipulated Confidentiality and Protective Order.

**IT IS SO ORDERED**, this 5th day of April, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

**AGREED AND STIPULATED:**


**ATCHLEY, RUSSELL, WALDROP & HLAVINKA, L.L.P.**


By: */s/ Louise Tausch*
    **Louise Tausch**
    AR Bar No. 86212
    TX Bar No. 19680600
    Email: ltausch@arwhlaw.com

    **Brandon Cogburn**
    AR Bar No. 02094
    TX Bar No. 24038824
    Email: bcogburn@arwhlaw.com

    1710 Moores Lane
    P.O. Box 5517
    Texarkana, Texas   75505-5517
    Tel   903-792-8246 / Fax   903-792-5801

    **ATTORNEYS FOR PLAINTIFF,**
    **EARL FORRESTER**


**RAINWATER, HOLT & SEXTON, P.A.**


By: */s/ Thomas J. Diaz by permission*
    **Thomas J. Diaz**

    6315 Ranch Drive
    Little Rock, Arkansas 72223
    Email: diaz@rainfirm.com
    Tel     501-868-2500
    Fax    501-868-2505

    **ATTORNEY FOR DEFENDANT,**
    **LAFAYETTE COUNTY, ARKANSAS**