IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EARL FORRESTER                                                                                        PLAINTIFF

vs.                                Case No. 4:16-cv-04101

LAFAYETTE COUNTY, ARKANSAS                                        DEFENDANT

### ORDER

**BEFORE** the Court is the Defendant's Motion for Protective Order. ECF. No. 14. Plaintiff has responded to the Motion. ECF No. 18. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Susan O. Hickey referred the Motion for Protective Order to the undersigned for decision. On May 5, 2017, a telephonic hearing was held on this matter. All parties were represented by counsel during the telephonic hearing.

**1. Background**:

On or about September 21, 2015, Plaintiff's employment with Lafayette County, Arkansas was terminated. On October 15, 2015, a grievance hearing took place before the Lafayette County, Arkansas Quorum Court. Defendant was represented by attorney Geoff Thompson with Rainwater, Holt & Sexton, P.A. at the grievance hearing and Plaintiff was represented by his current counsel, Louise Tausch. The Lafayette County, Arkansas Quorum Court upheld the decision to terminate Plaintiff's employment with Lafayette County, Arkansas at the grievance hearing. Plaintiff filed a complaint with the EEOC and subsequently received a "right to sue letter." On October 27, 2016, Plaintiff filed suit for wrongful termination. ECF No. 1.

In this matter, Plaintiff propounded discovery to Defendant which included Request For Production No 9:

> REQUEST FOR PRODUCTION NO. 9: All documents referring or relating to the termination of Plaintiffs employment, the elimination of his last position, and/or the pendency of this action that Defendant has from September 2014 through the present date, including all notes, witness statements, and preparation documents for the pre-termination hearing and the meetings counsel had with each witness.

Defendant provided the following response to Request For Production No. 9:

> RESPONSE: Objection. Attorney client and attorney work product privileges concerning "all notes...and preparation documents for the pre-termination hearing and the meetings counsel had with each witness." Defendant's counsel (Thomas J. Diaz) met with Lafayette County current and former employees at Lafayette County Courthouse on or about June 28, 2016 in anticipation of litigation and attorney Diaz took notes during the interviews. The interviews were not recorded nor transcribed, other than counsel's notes. The witnesses did not prepare any statements concerning Plaintiff's employment, or termination. Attorney Geoff Thompson attended the Plaintiff's grievance hearing on October 15, 2015 and he took notes on exhibits and other documents before and during the hearing. Please see "FOIA Response Page No. 1-57"; "Defendant's Initial Disclosures 0001-0284"; Plaintiff's personnel file (attached hereto as Pages Nos. 1-556) for documents responsive to Request For Production No. 9, that Defendant is not withholding pursuant to the attorney client and attorney work product privileges.

On April 7, 2017, Plaintiff served an Arkansas Freedom of Information Act (FOIA) request on Lafayette County Judge Mike Rowe requesting the exact same information sought in Request for Production No. 9. With the instant Motion for Protective Order, Defendant requests the following:

> the Court enter an order protecting Lafayette County from having to disclose, **in any forum**, documents and information protected by the attorney client and attorney work product privileges.

ECF No. 14 (emphasis added). Defendant argues the documents requested are protected from disclosure because of the attorney work product privilege and attorney client privilege. *Id.*

Defendant requests specifically this Court prevent the Arkansas state court from ordering disclosure of this information, as sought by Plaintiff, in the April 7, 2017 FOIA request.

At the conclusion of the telephone hearing, Plaintiff's counsel indicated Plaintiff would withdraw Request For Production No. 9. Following the hearing, Plaintiff filed a notice of withdrawal of Request for Production No. 9 from Plaintiff's Interrogatories and Requests for Production. ECF No. 20. The Notice stated "Defendant is no longer requested to answer or produce any documents in accordance with Request for Production No. 9." *Id.*

Based on Plaintiff's withdrawal of Request for Production No. 9, Defendant is no longer under obligation, in this Court, to produce the documents made the basis of the Motion For Protection.

**IT IS THEREFORE ORDERED** Defendant's Motion for Protective Order (ECF. No. 14) is **DENIED** as **MOOT**.[1]

**DATED** this **8th day of May, 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] The Court makes no finding regarding the merits of any future request for injunctive relief seeking to enjoin an order of disclosure pursuant to an Arkansas FOIA request by the Arkansas state courts. Further, the Court makes no finding regarding its jurisdiction to consider such a request.